**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                                                              Criminal No. 09-mj-067-01-JM

Jeremiah S. Murphy

**ORDER OF DETENTION PENDING TRIAL**

18 U.S.C. "§ 3142(f) does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the (six circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2))." United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  "[A] defendant's threat to the safety of other persons or to the community standing alone, will not justify pretrial detention." United States v. Byrd, 969 F.2d 106, 110 (5th Cir. 1992).  In this case, the government is entitled to seek detention under § 3142(f)(1)(A), i.e. a case involving a crime of violence.

The crime charged is 18 U.S.C. § 2252(a)(5)(B), a felony, which is found in Chapter 110.  Thus, as used in 18 U.S.C. § 3142 possession of child pornography is specifically included as a "crime of violence".  18 U.S.C. § 3156(a)(4)(C).

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., a hearing was conducted on July 1, 2009, for the purpose of determining whether to detain defendant,

Jeremiah S. Murphy, who has been charged with Possession of Child Pornography.

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community.  In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release.  18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g) a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government typically retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure' the defendant's presence at trial." <u>United States v. Perez-Franco</u>, 839 F.2d 867, 870 (1st

Cir. 1988) (quoting <u>United States v. Palmer-Contreras</u>, 835 F.2d 15, 17-18 (1st Cir. 1987)); <u>United States v. Patriarca</u>, 948 F.2d 789, 793 (1st Cir. 1991).  For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight.  <u>See Patriarca</u>, 948 F.2d at 792-93.

In the case at hand, I have found probable cause to believe that the offenses charged have been committed and that the defendant has committed them.

Here, I find that the government has met its burden with regard to danger to the community.  Specifically, the crime is possession of child pornography and the evidence is overwhelming: his computer has revealed hundreds of images, including pornography related to infants and toddlers.  He has no job and no home.

I am satisfied from the representations and documents offered during the hearing that no condition or combination of conditions will reasonably assure the safety of the community.[1]

Upon full consideration of the arguments offered by the government and defense, I am satisfied that the defendant poses a

---

[1] I have allowed temporary bail to the physical custody of the F.B.I. to permit him to be a bone marrow donor.

danger to the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: July 2, 2009

cc:   Helen W. Fitzgibbon
      Jonathan R. Saxe
      U.S. Marshal
      U.S. Probation